CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 14 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD GALLARZA, | )<br>) Civil Action No. 7:05-CV-00084 |
| Petitioner, | )<br>) |
| v. | ) **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | ) By: Samuel G. Wilson<br>) United States District Judge |

Petitioner Edward Gallarza brings this 28 U.S.C. § 2255 motion challenging his sentence of 324 months for conspiracy to possess with intent to distribute crack cocaine. This matter is before the court on the respondent's motion to dismiss. Gallarza raises several ineffective assistance claims. The court finds that the majority of Gallarza's claims are nothing more than generalized attacks on his attorney's performance and that Gallarza has failed to demonstrate a reasonable probability that the outcome of his trial would have been different but for counsel's alleged errors. Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, the court grants the respondent's motion to dismiss.

I.

A grand jury indicted Gallarza for conspiracy to possess with intent to distribute crack cocaine. Gallarza pled not guilty. During the jury trial, Gallarza testified on his own behalf, admitting possession but claiming it was for personal consumption. An arresting officer took the stand and related the confession Gallarza gave on the night of his arrest: that he had possessed the nearly 15 grams of crack cocaine, that he had obtained it through a meeting with the seller set up by a third individual, and that he had purchased that amount of crack cocaine from the same seller for $500 every week for several months. The jury found him guilty. Gallarza appealed,

and the Fourth Circuit affirmed his conviction and sentence.

In his § 2255 motion, Gallarza claims that his counsel advised him to testify against his wishes, that his counsel failed to "investigate claims . . . concerning witnesses or evidence," that his counsel failed to "create an adversarial testing process," that his counsel "proceeded in areas without [Gallarza's] understanding," and that his counsel did not request discovery material from the prosecution.

## II.

In order to prevail on a claim of ineffective assistance, Gallarza must show both that his counsel acted unreasonably and that the outcome of his case would have been different but for counsel's alleged errors. Strickland, 466 U.S. 668. Further, Gallarza "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. Here, for the most part, Gallarza simply generally attacks his counsel's performance, failing to point to any particular acts or omissions on the part of his counsel.[1] He does not articulate what specific "claims . . . concerning witnesses or evidence" counsel should have investigated, what counsel could have done to "create an adversarial testing process," what areas counsel proceeded in without his understanding, or what specific discovery material counsel failed to request.[2]

---

[1] Moreover, in a sworn affidavit, Gallarza's counsel directly refutes Gallarza's claims. He states that he did fully explain Gallarza's right not to testify, the presumption of innocence, and the government's burden of proof; that he explained possible defenses and asked Gallarza for any evidence he wanted to present in his defense; that he reviewed discovery with Gallarza; and that Gallarza "appeared uninterested in [his] legal advice."

[2] Additionally, Gallarza appears to allege that the prosecution impermissibly withheld discovery. To the extent Gallarza raises a prosecutorial misconduct claim, it is defaulted because Gallarza did not raise it on direct appeal. See 28 U.S.C. § 2255; Bousley v. United States, 523

2

For the one claim Gallarza articulates with the required particularity - his claim that counsel advised him to testify against his wishes - he has not demonstrated a reasonable probability that the outcome of his case would have been different but for counsel's allegedly defective performance. The prosecution had already presented Gallarza's Mirandized confession from the night of his arrest. In light of this highly compelling evidence, Gallarza has failed to demonstrate a reasonable probability that the jury would have been inclined to acquit him had he not taken the stand. See Strickland 466 U.S. at 694.

### III.

For the reasons stated, the court grants the respondent's motion to dismiss.

**ENTER**: This __14th__ day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

U.S. 614 (1998).