CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 16 2007

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWARD GALLARZA, | ) | Civil Action No. 7:05cv00084 |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | **AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner, Edward Gallarza, a federal inmate proceeding pro se, filed this motion to vacate judgment pursuant to rule 60(b)(6), seeking vacation of the court's final order entered July 14, 2005, dismissing his motion pursuant to 28 U.S.C. § 2255.

I.

On February 11, 2005, Gallarza filed his motion pursuant to § 2255 raising several claims of ineffective assistance of counsel. By order entered February 11, 2005, his motion was conditionally filed and Gallarza was asked to provide information regarding the timeliness of his motion. After his compliance, the court ordered service of process on the respondent. On June 16, 2005, respondent filed a motion to dismiss. The next day, the court notified Gallarza of defendant's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised him that he had twenty (20) days to respond if he intended to do so. Gallarza filed no response and on July 14, 2005, this court dismissed his claims on the merits, finding that he failed to demonstrate a reasonable probability that the outcome of his trial would have been different but for counsel's alleged errors. Gallarza filed a notice of appeal on August 9, 2005; however, the United States Court of Appeals for the Fourth Circuit denied his certificate of appealability and dismissed his appeal, effective by mandate issued March 21, 2006.

In his instant motion, Gallarza argues that prior to filing his § 2255 motion, he was contacted by a friend of his sister who claimed to be an attorney willing to represent him pro bono in filing his

habeas petition. Gallarza claims that he sent all of his legal paperwork to that man in New York and relied on him to file his § 2255 motion. Gallarza states that thereafter he spoke with the man on several occasions to ascertain the progress and status of his motion. He claims it was not until a few months after his § 2255 motion would have been due that the man finally sent a letter advising Gallarza's sister on what grounds Gallarza should raise his § 2255 claims. Gallarza alleges that the man did not return any of Gallarza's legal paperwork. Gallarza attempted to file complaints against him through the bar association and in doing so discovered that the man was not actually an attorney but rather engaged in the unauthorized practice of law. Gallarza contends that this man's "fraudulent and illegal practices" hindered his ability to file a proper § 2255 motion.

## II.

Absent extraordinary circumstances, a Rule 60(b)(6) motion for relief from judgment based upon "any other reason justifying relief from the operation of the judgment" may not be granted. Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004); Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 n. 2 (4th Cir. 2000). To the extent that Gallarza's motion argues that the court should vacate its judgment because Gallarza did not raise all the claims he could have in his initial § 2255 motion, it fails. Gallarza states that his initial § 2255 motion was "substandard" because the man that agreed to help him prepare it was not actually a licensed attorney as he had claimed he was. However, while Gallarza attempts to blame his own reliance on a family friend for the quality of his motion, his allegations are merely conclusory. Gallarza filed his own § 2255 motion, not one prepared by the family friend. When the court conditionally filed his claims, he complied with the conditional filing order on his own and submitted additional evidence to the court in support of his claims. Further, his case was pending in the court for at least five (5) months, all of which time he could have notified the court if he was concerned that he had not raised some "meritorious issues"

2

in his initial motion. Moreover, after the respondent filed a motion to dismiss, Gallarza never even responded despite being given the opportunity. Accordingly, the court finds that Gallarza has not shown any exceptional circumstances warranting vacation of the final judgment order dismissing his § 2255 motion.

To the extent Gallarza's instant motion argues that the court should vacate its judgment because Gallarza was unable to timely file his motion, it also fails. The court conditionally filed his claims and asked him to provide information to determine the timeliness of his motion. Gallarza complied with the conditional filing order and provided more information regarding the timeliness of his petition. Upon receipt of his amendment, the court proceeded with his action, serving the government on his claims. Furthermore, in the final judgment, the court considered and dismissed Gallarza's claims on the merits. Accordingly, any argument as to the timeliness of his motion is now moot.

### III.

For the reasons stated herein, it is hereby **ORDERED** that Gallarza's motion pursuant to rule 60(b) is **DENIED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order dismissing his case to the petitioner.

**ENTER**: This 16th day of March, 2007.

United States District Judge